(C. D. 198)

DR. KURT BARDACH v. UNITED STATES

United States Customs Court, Second Division

(Decided August 7, 1939)

*Siegel & Mandell* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation described in the appraisement entry as "electric motor." Duty was levied thereon at the rate of 35 per centum ad valorem under the *eo nomine* provision therefor in paragraph 353 of the Tariff Act of 1930. It is claimed that said article is properly entitled to free entry under paragraph 1747 of said act, the pertinent portions of which read as follows:

PAR. 1747. Professional books, implements, instruments, and tools of trade, occupation, or employment in the actual possession of persons emigrating to the United States owned and used by them abroad * * *.

An illustration of the merchandise in question was admitted in evidence as Illustrative Exhibit 1.

The plaintiff, Dr. Kurt Bardach, appeared in person and testified that he arrived in the United States in June 1937 from Dusseldorf, Germany, with his household effects, including one alleged electric motor; that said article is not an electric motor but a converter, used to convert from alternating into direct electric current; that he was a specialist in dermatology; that in connection with his practice it was necessary for him to have this converter for the purpose of converting

the alternating electric current in Flushing, where he is now located, into a direct current; that he had been using the said converter in his practice for about 2 years abroad and ever since; that he had no intention of selling the converter in question; and that its use was absolutely essential as part of his professional equipment.

On cross-examination he testified that the converter in question would not convert a direct current into an alternating current; and that he was licensed to practice medicine in the State of New York.

On redirect examination he testified that he would not be able to use some of the instruments of his practice without the use of the converter.

Upon this record we hold as a matter of law that the electric converter constituting the merchandise at bar is properly entitled to free entry under said paragraph 1747 of the Tariff Act of 1930 as an instrument or tool of trade, occupation, or employment in the actual possession of a person emigrating to the United States and owned and used by him abroad. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.